**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BARBRA TURNER, | * | |
|    Plaintiff, | * | |
| v. | * | Case No.: 07-cv-01481 |
| AFRO-AMERICAN NEWSPAPER COMPANY, | * | Judge: Paul L. Friedman |
| | * | |
|    Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO DISMISS

Defendant, Afro-American Newspaper Company ("Defendant"), by its attorneys, Darrell R. VanDeusen and Kollman & Saucier, P.A., and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss the Complaint filed in the above-captioned matter for failure to state a claim upon which relief can be granted. Specifically, the Plaintiff's lawsuit should be dismissed because it was not filed within 90 days of her receipt of a notice of right to sue from the Equal Employment Opportunity Commission as required under 42 U.S.C. § 2000e-5(f)(1).

In support of this Motion, the Court's attention is respectfully directed to the Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss.

For these reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, and that the Court award Defendant the fees and costs it has expended in this matter and other such relief as may be just and proper.

   /s/ Darrell R. VanDeusen_____
Darrell R. VanDeusen
Bar No. MD 08231
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland  21093
(410) 727-4300
dvand@kollmanlaw.com

Attorneys for Defendant,
Afro-American Newspaper Company


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of September 2007, a copy of the foregoing Motion to Dismiss, Memorandum in Support of Motion to Dismiss and proposed Order were mailed, first-class, postage prepaid to: Barbra Turner, 827 Longfellow Street, N.W., Washington, D.C.  20011.

   /s/ Darrell R. VanDeusen
Darrell R. VanDeusen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARBRA TURNER, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 07-cv-01481 |
| AFRO-AMERICAN NEWSPAPER COMPANY, | * | Judge: Paul L. Friedman |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

*Pro se* Plaintiff Barbra Turner alleges that she was discriminated against by the Defendant Afro-American Newspaper Company when she was terminated in 2005. Her allegations were reviewed and dismissed by the Equal Employment Opportunity Commission (EEOC). Plaintiff, however, failed to file her lawsuit within 90 days of her receipt of her Notice of Right to Sue by the EEOC. As such, the Complaint should be dismissed.

**FACTS**

Plaintiff has attached the EEOC's Notice of Right to Sue to her Complaint. The Notice is dated as having been issued on May 4, 2007. In the first sentence of her Complaint, Plaintiff states that she *received* the Right to Sue notice on May 8, 2007. *See* Complaint (Cp.).

The Notice of Right to Sue clearly states that a lawsuit must be filed within 90 days of receipt, "otherwise, your right to sue based on this charge will be lost." *See* Cp., Ex. 1. Plaintiff was aware of this requirement, as she states in the second

sentence of her Complaint "I understand that I must file a lawsuit within a 90 day period or I lose my right to sue." *Id.*

The Stamp of the Clerk of Court on the Complaint is August 7, 2007. The Complaint was filed on August 17, 2007. If the earlier date is used, Plaintiff submitted her lawsuit 91 days after her admitted receipt of the Notice of Right to Sue.[1]

## LEGAL ARGUMENT

Title VII requires that a plaintiff file a lawsuit within 90 days of receipt of the Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1). It is well settled that a lawsuit filed more than 90 days from receipt of the Notice of Right to Sue is subject to dismissal.[2] This court has found lawsuits filed more than 90 days from receipt of the Notice of Right to Sue untimely. *See, e.g., Crane v. National Cable Sat. Corp.,* 484 F. Supp. 2d 100 (D.D.C. 2007) (Judge Urbina); *McKay v. England*, 2003 U.S. Dist. LEXIS 5179 (D.D.C. 2003) (Judge Robertson).

In this case, the facts pled in Plaintiff's Complaint, and the Clerk of Court's date stamp establish that the Complaint was received by this Court on the 91st day, and filed on the 101st day after Plaintiff's receipt of the Notice of Right to Sue. The Complaint is therefore untimely, and should be dismissed.

---

[1] If the filing date is used, the lawsuit was filed 101 days from receipt of the Notice of Right to Sue.

[2] Under certain circumstances, the doctrine of equitable tolling may apply. *See Baldwin Co. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Plaintiff has provided no facts to suggest that the doctrine should apply in this case. To the contrary, Plaintiff states in her Complaint that she filed her lawsuit when she did with specific awareness of the 90 day requirement.

**WHEREFORE**, Defendant, Afro-American Newspaper Company, prays that the Complaint of the Plaintiff be dismissed, with prejudice.

/s/ Darrell R. VanDeusen
Darrell R. VanDeusen
Bar No. MD 08231
Kollman & Saucier, P.A.
1823 York Road
Timonium, Maryland  21093
(410) 727-4300
dvand@kollmanlaw.com.

Attorneys for Defendant,
Afro-American Newspaper Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARBRA TURNER, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 07-cv-01481 |
| AFRO-AMERICAN NEWSPAPER COMPANY, | * | Judge: Paul L. Friedman |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of the Motion to Dismiss filed by Defendant, Afro-American Newspaper Company ("Defendant"), and any response thereto, it is this _____ day of _____, 2007, by the United States District Court for the District of Columbia, hereby

**ORDERED**, that the Defendant's Motion to Dismiss be, and the same is hereby **GRANTED**, and it is further

**ORDERED**, that the Complaint filed in the above-captioned action be, and the same is hereby **DISMISSED WITH PREJUDICE.**

Date: _____

_____
Judge, United States District Court for the District of Columbia