UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BARBRA TURNER,                      )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 07-1481 (PLF)
                                    )
AFRO-AMERICAN NEWSPAPER             )
COMPANY,                            )
                                    )
        Defendant.                  )
_____ )

MEMORANDUM OPINION

       Plaintiff Barbra Turner, proceeding *pro se*, filed a complaint for age discrimination against her former employer, Afro-American Newspaper Company. The defendant has moved to dismiss on the ground that the complaint was not filed within the time permitted by law. The motion to dismiss will be granted.

       The complaint alleges that the plaintiff was fired for "erroneous reasons" and that after her employment terminated, she filed an age discrimination administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Compl. at 1.) The EEOC issued a dismissal and notice of right to sue, which was received by the plaintiff on May 8, 2007. (*Id.*) In her complaint the plaintiff states "I understand that I must file a lawsuit within a 90 day period or lose my right to sue; there fore I am filing this complaint and also asking for a jury trial." (*Id.*) On August 7, 2007, the plaintiff submitted this complaint, along with an application to proceed

-2-

without prepayment of the filing fees, to the Clerk of Court in this district.[1]  The defendant has moved to dismiss the complaint because Tuesday, August 7, 2007 is 91 days after May 8, 2007, and the complaint was due no later than Monday, August 6, 2007.

A party may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint."  *DePippo v. Chertoff,* 453 F. Supp. 2d 30, 33 (D.D.C. 2006) (citing *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998)).  A court should grant a pre-discovery motion to dismiss on limitations grounds "only if the complaint on its face is conclusively time-barred," and the parties do not dispute when the limitations period began.  *DePippo*, 453 F. Supp. 2d at 33.  In resolving a Rule 12(b)(6) motion, the Court must treat the complaint's factual allegations as true and give the plaintiff the benefit of all legitimate inferences derived from the facts alleged.  *Holy Land Found. for Relief & Dev. v. Ashcroft,* 333 F.3d 156, 165 (D.C. Cir.2003); *Browning v. Clinton,,* 292 F.3d 235, 242 (D.C. Cir. 2002).  The court need not accept as true either inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Browning,* 292 F.3d at 242.

---

[1] A complaint that is accompanied by an application to proceed *in forma pauperis* is not immediately filed by the Clerk.  Rather, it is first screened with respect to the application, and then, assuming the application is granted, the complaint is filed by the Clerk.  Here, the complaint is date-stamped "received" on August 7, 2007 and date-stamped "filed" on August 17, 2007.  Because the 10-day difference has to do with the internal processes of the Clerk's office and not the timeliness of the plaintiff, the earlier date will be used for purposes of this motion.

-3-

Courts strictly observe the 90-day time limit for filing employment discrimination claims, even where a *pro se* plaintiff is involved. *Smith v. Dalton,* 971 F. Supp. 1, 2-3 (D.D.C. 1997) (dismissing a *pro se* complaint filed 91 days after plaintiff received notice of final agency action);*see also Strong-Fischer v. Peters,* 554 F. Supp. 2d 19, 23 (D.D.C. 2008) (strictly observing 90-day limit) ; *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) (same).  Like a statute of limitations, the 90-day limit is subject to waiver, estoppel, and equitable tolling, but only in extraordinary circumstances.  *Smith v. Dalton*, 971 F. Supp. at 3 (citing *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir.1988)).  To benefit from equitable tolling, however, the plaintiff must plead and prove that the delay in meeting the 90-day limit was "more than a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990).  No matter how slight the tardiness, a court is not at liberty to disregard the 90-day deadline out of a vague sympathy for any particular plaintiff.  *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").  Rather, to benefit from equitable tolling a "plaintiff must demonstrate that he or she acted 'diligently to preserve [the] claim.'"  *Koch v. Donaldson,* 260 F. Supp. 2d 86, 90 (D.D.C. 2003) (quoting *Wilkins v. Daley,* 49 F. Supp. 2d 1, 2 (D.D.C. 1999).

Here it is clear from the face of the complaint that the plaintiff knew of the 90-day filing limit.  She has not, however, offered evidence to support a finding that she acted diligently to file within the period but was thwarted somehow.  *Cf. Koch,* 260 F. Supp. 2d at 90-91 (determining that plaintiff, who filed one day past the deadline, had demonstrated sufficient diligence by making numerous attempts to file by fax within the filing period, which failed

-4-

because of "technical problems beyond his control" with the receiving fax machine). Rather, the plaintiff's opposition to the motion to dismiss does not address the missed deadline at all, let alone offer any reason to equitably toll it. Therefore, the motion to dismiss will be granted and this complaint dismissed with prejudice.

A Final Order granting the defendant's motion to dismiss accompanies this Memorandum Opinion.

DATE: August 20, 2008

/s/
PAUL L. FRIEDMAN
United States District Judge